UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| WINDY WATKINS | ) | |
| | ) | |
| v. | ) | No. 1:03-cr-230/1:11-cv-117 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

**MEMORANDUM**

Windy Watkins ("Watkins") has filed a motion a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 84).[1] Watkins challenges her sentence contending her prior conviction for arson does not qualify as a violent felony, and therefore she did not qualify to be sentenced as an armed career criminal. Notably, Watkins raised this same issue on direct appeal and the Court of Appeals for the Sixth Circuit affirmed her sentence, concluding that her prior conviction for arson "may be counted as a 'violent felony' under the ACCA." (Criminal Court File No. 74).

Nevertheless, after reviewing the record and the applicable law, the Court concludes Watkins' motion under 28 U.S.C. § 2255 will be **DENIED** as time-barred by the applicable one-year statute of limitations (Criminal Court File No. 84).

**I.    Background**

Watkins was sentenced to 185 months imprisonment in the custody of the United States Bureau of Prisons after entering a plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e). (Criminal Court File Nos. 68, 71). On October 30, 2006, Watkins' conviction and sentence were affirmed on direct appeal (Criminal Court

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

File No. 74). Watkins' petition for a writ of certiorari was denied by the Supreme Court of the United States on February 26, 2007 (Criminal Court File No. 77). Watkins subsequently filed this instant § 2255 motion on April 26, 2011 (Criminal Court File No. 84).

## II.     Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. "As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review. If a § 2255 movant pursued his direct appeal through to a petition for certiorari in the Supreme Court, direct review is concluded when the Supreme Court either denies the petition or decides the case." *United States v. Cottage*, 307 F.3d 494, 499 (6thCir. 2002) (internal citation omitted). Therefore, Watkins' judgment became final on February 26, 2007, when the Supreme Court denied certiorari. The one-year statute of limitation for filing a § 2255 motion began to run on February 27, 2007, and expired February 26, 2008.

Watkins had one year from the time her judgment of conviction became final to file her § 2255 motion. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. It appears Watkins' § 2255 motion was delivered to prison authorities on April 26, 2011.

Consequently, using the date of February 26, 2007, as the starting point for determining when Watkins' judgment became final and the statute of limitations began to run, her motion is untimely. The one year statute of limitations under § 2255 expired on February 26, 2008, more than

2

three years before Watkins filed her § 2255 motion. Since Watkins' § 2255 motion was filed on April 26, 2011, it is untimely and will be **DENIED** (Criminal Court File No. 84).

## III. Equitable Tolling Inapplicable

Watkins submits that due to her "severe and toxic mental health issues" for which she is continually medicated, she was unable to previously file this motion. According to Watkins, she is now "focused and able to function so I am able to file this motion[.]" (Criminal Court File No. 84).

Although mental incapacity of a § 2255 movant can warrant the equitable tolling of the statute of limitations, mental incompetence is not a *per se* reason to toll a statute of limitations. *See McSwain v. Davis*, 287 Fed.Appx. 450, 456 (6th Cir. 2008) (discussing application of equitable tolling on the basis of mental incapacity in § 2254 cases), *cert. denied*, 129 S.Ct. 2824 (2009). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition." *Id.* The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." *See Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Graham-Humphreys v. Memphis Brooks Museum, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). Indeed, the United States Supreme Court has concluded that in order to demonstrate equitable tolling is required, a party must show "that he has been pursuing his rights diligently" and that an "extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Although Watkins claims she suffers from mental health issues for which she received medication, there is no evidence to support a causal connection between her mental health issues and her ability to file a timely § 2255 petition. Indeed, in December of 2007, after Watkins was denied certiorari and during which time she could have filed a timely § 2255 motion, she filed a *pro se* motion to reduce her sentence based on the cocain base ("crack") retroactive guideline amendment notwithstanding her mental health issues (Criminal Court File No. 80). In addition, Watkins has failed to submit any documentation to demonstrate the extent of her mental health issues. Thus, there is no evidence her mental health issues prevented her from timely filing this § 2255 motion. *See Bilbrey v. Douglas,* 124 Fed. Appx. 971, 973 (6th Cir.) (defendant who filed *pro se* pleadings during time when she was most impaired failed to establish causal connection between her mental condition and ability to file timely petition), *cert. denied*, 546 U.S. 942 (2005); *Price v. Lewis*, 119 Fed. Appx. 725, 727 (6th Cir.) ("The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity") (internal punctuation and citations omitted), *cert. denied*, 546 U.S. 886 (2005). Accordingly, because Watkins has failed to demonstrate her mental health issues actually prevented her from pursuing her legal rights during the limitations period, equitable tolling is not appropriate in her case, her § 2255 motion will be **DENIED** as time-barred, and this action will be **DISMISSED** (Criminal Court File No. 84).

An appropriate judgment order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**