UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| WINDY WATKINS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 1:15-CV-352-CLC |
| | ) | 1:03-CR-230-CLC-SKL-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 108]. Petitioner bases her request for relief on the recent United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*id.*]. Respondent agrees Petitioner is entitled to relief [Doc. 110]. For the reasons stated below, the motion [Doc. 108] will be **GRANTED.**

### I. BACKGROUND

In 2002, Petitioner pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 53]. Based on her prior Tennessee convictions for escape [Presentence Investigation Report ("PSR") ¶ 40], voluntary manslaughter [*id.* ¶ 47], and arson [*id.* ¶ 48], Petitioner was deemed an armed career criminal [*id.* ¶ 28] and sentenced to the mandatory minimum of 185 months of imprisonment followed by five years of supervised release [Doc. 71]. The Sixth Circuit affirmed Petitioner's conviction, armed career criminal designation, and sentence on appeal [Doc. 74], and the Supreme Court denied certiorari on February 26, 2007. *See generally Watkins v. United States*, 127 S. Ct. 1389 (2007).

On May 2, 2011, Petitioner filed the first of her two motions to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, in which she alleged that she had been improperly designated as an armed career criminal [Doc. 84]. The Court denied that motion as untimely [Docs. 85, 86]. Petitioner filed her second § 2255 petition on June 20, 2014, alleging that she had been improperly sentenced as an armed career criminal in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Doc. 99]. The Court transferred the latter motion to the Sixth Circuit based on the fact that it constituted a second or successive petition [Docs. 101, 102].

While Petitioner's application for permission to file a successive petition was pending at the Sixth Circuit, the Supreme Court issued its decision in *Johnson*. Petitioner requested permission to supplement her motion with a claim that her ACCA sentence was invalid under *Johnson*; the Sixth Circuit agreed, *In re Watkins*, No. 15-5038, slip. op. at *7 (6th Cir. Dec. 17, 2015), granting Petitioner authority to file the petition currently before this Court [Doc. 108]. The United States filed a response in support of Petitioner's request for relief on December 28, 2015 [Doc. 110].

## II.     TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255, running from the later of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Sixth Circuit decision in *In re Watkins* makes clear that claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—assertion of a newly recognized right made retroactively applicable on collateral review—and thus trigger a renewed one-year statute of limitations running from the date of that decision, June 26, 2015. *See* No. 15-5038, slip op. at 9–10 (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certifying a second petition). The current motion falls safely within the one-year period for filing a timely request for relief. *See United States v. Mathur*, 685 F.3d 396, 404 (4th Cir. 2012) ("[B]ecause of the interplay between [§§ 2255(h)(2) and 2255(f)(3)], an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which the Court announces a new rule of constitutional law and makes it retroactive within one year." (quoting *Dodd v. United States*, 545 U.S. 353, 359–60 (2005)).

1. **STANDARD OF REVIEW AND ANALYSIS**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner's § 2255 motion relies on a single ground for collateral relief, claiming she is entitled to a reduction in sentence based on the Supreme Court's decision in *Johnson* [Doc. 108 pp. 6–10]. Specifically, Petitioner argues that she was improperly categorized as an armed career criminal under the residual clause of the ACCA and that *Johnson*'s subsequent invalidation of that provision necessarily entitles her to relief [*id.* at 10 (explaining her prior conviction for escape only qualifies as a "violent felony" under § 924(e)'s now-defunct residual clause)]. Respondent agrees that Petitioner is entitled to relief [Doc. 110].

### III. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated

offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

One of Petitioner's three predicate offenses was for escape in violation of former Tenn. Code Ann. § 39-5-706(a) [PSR ¶ 40], which prohibited "any person confined in a county workhouse or jail or city jail or municipal detention facility upon charge of or conviction of a criminal offense constituting a felony [from] escap[ing] or attempt[ing] to escape therefrom." Tenn. Code Ann. § 39-5-706(a) (1989). The offense does not qualify as a violent felony under the ACCA's use-of-force clause because it does not have as an element the use, attempted use, or threatened use of violent force against another, *see United States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), and does not fall within one of the provision's enumerated categories of violent felonies. Because the conviction could only qualify as a violent felony under the ACCA's residual clause, *see United States v. Harris*, 165 F.3d 1062, 1068 (6th

5

Cir. 1999) (holding that a 1988 conviction for violating former Tenn. Code Ann. § 39-5-706 was a crime of violence under the residual clause in the Guidelines), the *Johnson* decision dictates that it can no longer be used to designate Petitioner an armed career criminal. As a result, Petitioner's sentence of a 185-month term of imprisonment and five years' supervised release [Doc. 71] exceeds her maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 65 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."). The Court finds that she has demonstrated a clear entitlement to relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). For purposes of the current case, the Court finds correction of Petitioner's sentence to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV.  CONCLUSION

Petitioner has already served 140 months in prison, has more than eighteen months of prior jail credit, and has earned approximately fourteen months of good-time credit [Doc. 110], a total exceeding the ten-year custodial statutory maximum applicable to her post-*Johnson*. As a result, her motion [Doc. 108] will be **GRANTED** and her term of imprisonment will be reduced to time served. Further, the judgment dated November 4, 2005 [Doc. 71] will be **AMENDED** to

6

reflect a term of supervised release of three years.  The order will take effect ten (10) days from its entry to give the Bureau of Prisons time to process Petitioner's release.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

7